UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORCESTER, ss.                                      CIVIL ACTION NO. 4:23-cv-40166-MRG

KAREN LJUNGBERG,
    Plaintiff

v.

SAINT VINCENT HOSPITAL,
TENET HEALTHCARE CORP./
UNITED SURGICAL PARTNERS INT'L/
CONIFER HEALTH SOLUTIONS
TEAMSTERS UNION LOCAL 170,
    Defendants

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties, Jurisdiction, and Venue

1. Plaintiff Karen Ljungberg ("Mrs. Ljungberg" or "Plaintiff") is a resident 8 Priscilla Lane in Charlton, Massachusetts, 01507.

2. Defendant Saint Vicent Hospital ("SVH") is a hospital with a principal business address of 123 Summer Street, Worcester, Worcester County, Massachusetts, 01608, and a subsidiary of Tenet Healthcare Corporation.

3. Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions (Tenet), is a for-profit multinational healthcare services company with a principal business address of 14201 Dallas Parkway, Dallas, Texas, 75254. Tenet is the parent company of St. Vincent's Hospital. *See* Find a Facility (tenethealth.com.)

4. Teamsters Union Local 170 is a labor union with a principal business address of 330 Southwest Cutoff, Suite 201, Worcester, Worcester County, Massachusetts, 01604.

5. This Court has jurisdiction over the matter pursuant to U.S.C. §1331 and Massachusetts has jurisdiction over the Defendants pursuant to M.G.L. c. 223A §§2 and 3.

6. Venue is appropriate as the Plaintiff lives in Worcester County, SVH has a principal place of business in Worcester County, and most or all of the operative facts occurred in Worcester County.

### Facts

7. Mrs. Ljungberg restates the foregoing paragraphs and incorporates them herein.

8. Mrs. Ljungberg began working for Saint Vincent Hospital (SVH) in 2018 as a Per Diem Mammography Technologist. She is still currently employed in that position.

9. Prior to that, she worked at SVH from 2003 to 2012, then again from 2013 to 2015, and then from 2018 to present.

10. Mrs. Ljungberg's starting base salary in 2018 was $35.56/hour.

11. SVH and the Teamsters Union Local 170, to which Mrs. Ljungberg belongs as a member, entered into a Collective Bargaining Agreement ("Agreement") in March 2023, attached as Exhibit 1, which took effect in approximately March of 2023.

12. According to Article 13 of the Agreement, Employee "wages and increases shall be determined by Appendix A – Step Grid" (attached as Appendix A). An Employee is placed on a "step" on the Grid "based on the employee's completed years of experience." See Exhibit 1 and Appendix A. Additionally, "any employee who may not advance because they are at or over the top step shall receive an increase of 3% in their hourly rate." Id.

13. Further, "Year 1 increases [were to] be retroactive to the first full pay period beginning on or after July 1, 2022." Exhibit 1, Article 13.

14. Just prior to the effective date of the Agreement, Mrs. Ljungberg was making $35.56 per hour with 31 years (at the time) of experience.

15. Like her colleagues, Mrs. Ljungberg received backpay and a wage increase in March 2023.

16. However, her increase was incorrect according to the guidelines described in the Agreement. <u>Exhibit 1</u> and <u>Appendix A</u>.

17. Mrs. Ljungberg's backpay and wage increased by only $1.23 per hour, which translates to Step 7, bringing her total hourly rate only to $36.79. <u>Appendix A</u>.

18. Mrs. Ljungberg should have been moved to Step 23 and making $50.57 per hour. <u>Id</u>.

19. Mrs. Ljungberg immediately notified her Union Representative and SVH Director of the error in her pay.

20. On March 23, 2023, it came to Mrs. Ljungberg's attention that Human Resources at SVH did not have Mrs. Ljungberg's resume on file, at which point they asked her to provide that and credentials to prove her years of experience, which she did.

21. Additionally, like her colleagues, Mrs. Ljungberg received another wage increase on July 1, 2023, as required by Article 13 of the Agreement. <u>Exhibit 1</u>.

22. Per Article 13 of the Agreement, employees working as of July 1, 2023, shall either advance one step on the Step Grid, or, if they cannot advance because they are at or over the top step (step 23), they shall receive an hourly wage increase of 3%. <u>Appendix A</u>.

23. However, Mrs. Ljungberg received a wage increase of only $1.60, bringing her current wage to $38.39 per hour, which is neither one step above her previous wage nor a 3% increase of her previous wage. <u>Appendix A</u>.

24. Had Step 7 been her appropriate step on the grid, Mrs. Ljungberg would have received a wage increase equivalent to one step, to Step 8, bringing her total hourly wage to $37.54. Id.

25. In fact, her current wage is not listed as an option anywhere on the Step Grid for her position as Mammography Technologist. Id.

26. Mrs. Ljungberg has repeatedly asked her union representative and SVH hospital administration to correct this discrepancy, and that she be paid the correct amount under the Agreement.

27. Mrs. Ljungberg's union representative and SVH hospital administration have routinely admitted to her that her correct pay was the higher wage she requested.

28. This has still not happened after over a year.

29. Other Techs, including other Mammography Technicians, such as Mrs. Ljungberg, have received the retroactive salary from July 2022, while Mrs. Ljungberg has not. When she has asked why she has not been given a clear reason for this.

30. Mrs. Ljungberg is owed $11,097.51 and accruing in back pay.

31. Mrs. Ljungberg has instructed her union representative numerous times to file a grievance on her behalf.

32. Despite repeated requests to her Union Steward, Mrs. Ljungberg still received no proof that this grievance has been filed by her union.

33. Recently it has come to Mrs. Ljungberg's attention that no such grievance has been filed.

34. As a result of the lack of response from the Union, Mrs. Ljungberg filed a grievance on her own behalf directly to management, as required under the Agreement, exhausting all remedies thereunder. Exhibit 1.

35. To date, no action has been taken in response to this grievance, and Mrs. Ljungberg believes that it would be futile to pursue it.

36. As a result of her employer's failure to correct this error in her pay, Mrs. Ljungberg has filed a complaint with the Attorney General's Fair Labor Division.

37. She received a private right of action letter on June 30, 2023.

38. Mrs. Ljungberg did not waive her individual and private rights under the Massachusetts Wage Act, M.G.L. c. 149 § 148.

39. On October 10, 2023, Plaintiff received a general release from the Union representative requiring her to release all claims she might have against the corporate Defendant in order to receive her backpay. Exhibit 2, General Release.

40. It was Mrs. Ljungberg's understanding that she was entitled to this backpay without having to release any and all claims she might have against the Corporate Defendant.

41. Mrs. Ljungberg did not sign the agreement.

42. She still has not received her pay.

43. Defendants have not denied that she is entitled to this pay.

44. Her arrears unpaid to date total $11,097.51 as of October 24, 2023 and accruing.

## COUNT I
### Failure to Pay Wages in Violation of M.G.L. c. 149 s. 148
*As to Defendants Saint Vincent Hospital and Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions*

45. The Plaintiff restates the foregoing paragraphs and incorporates them herein.

46. As described in the foregoing paragraphs, the Defendant engaged in violations of the Massachusetts Wage Act, M.G.L. c. 149 s. 148 by withholding pay from Mrs. Ljungberg to which she was contractually entitled.

47. Plaintiff is entitled to recover compensatory damages, including but not limited to, backpay retroactive to the first full pay period on or after July 1, 2022, reflecting a wage increase to $50.57 per hour, and backpay retroactive to the first full pay period after July 1, 2023, reflecting a wage increase to $52.09, a 3% increase from the amount she should have been making the prior year under Step 23.

48. As a result of these actions, and pursuant to M.G.L. c. 149 s. 150, Plaintiff is entitled to lost wages, treble damages, interest and attorneys' fees and costs incurred in bringing this action, as well as other damages so proven at trial.

## COUNT II
### Retaliation in Violation of M.G.L. c. 149 s. 148A
*As to Defendants Saint Vincent Hospital and Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions*

49. The Plaintiff restates the foregoing paragraphs and incorporates them herein.

50. As described in the foregoing paragraphs, the Defendants retaliated against Plaintiff by repeatedly withholding her pay notwithstanding her repeated requests for payment, and for requiring her to sign a full release of all claims against them in order to receive her salary as bargained for under the Agreement. These actions constitute violations of the Massachusetts Wage Act, M.G.L. c. 149 s. 148A.

51. As a result of these actions of Defendants', they are liable to her for the damages that she has suffered including lost wages, treble damages, attorneys' fess and interest, as well as other damages so proven at trial.

## COUNT III

### Failure to Pay Wages in Violation of 29 U.S.C. s. 201 *et seq.*
*As to Defendants Saint Vincent Hospital and Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions*

52. The Plaintiff restates the foregoing paragraphs and incorporates them herein.

53. The Defendants' actions in continually withholding pay from Mrs. Ljungberg to which she was contractually entitled constitute violations of the Fair Labor Standards Act, 29 U.S.C. s. 201 *et seq*.

54. Pursuant to 29 U.S.C. c. 8. s. 216, Plaintiff is entitled to recover compensatory damages, including but not limited to backpay, retroactive to the first full pay period on or after July 1, 2022, reflecting a wage increase to $50.57 per hour, and backpay retroactive to the first full pay period after July 1, 2023, reflecting a wage increase to $52.09, a 3% increase from the amount she should have been making the prior year under Step 23. She is also entitled to multiple damages, interest, attorneys' fees and costs, and other damages so proven at trial.

### COUNT IV
### Breach of Covenant of Good Faith and Fair Dealing
*As to Defendants Saint Vincent Hospital and Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions*

55. Plaintiff restates the foregoing paragraphs and incorporates them herein.

56. Defendants' actions in unreasonably withholding the fruits of the contract from Plaintiff constitute a breach of the Covenant of Good Faith and Fair Dealing.

57. As a result of Defendants' actions, Plaintiff suffered lost wages, front and back pay, emotional distress, and consequential damages.

58. As a result of Defendants' actions, Defendant is liable to Plaintiff for lost wages, front and back pay, consequential damages and other damages so proved at trial.

### COUNT V

### Breach of Contract
*As to Defendants Saint Vincent Hospital and Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions*

59. Plaintiff restates the foregoing paragraphs and incorporates them herein.

60. Defendants' actions constituted a Breach of Contract by agreeing to pay the Plaintiff a certain wage, and then retaining some of that amount owed.

61. As a result of these actions, Defendant is liable to Plaintiff for lost wages, front and back pay, consequential damages, and other damages so proven at trial.

### COUNT VI
### Unjust Enrichment
*As to Defendants Saint Vincent Hospital and Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions*

62. Plaintiff restates the forgoing paragraphs and incorporates them herein.

63. As a result of Defendant's actions, Plaintiff did not receive full and fair compensation for her hours worked, while Defendant received a windfall by improperly retaining those wages for their own benefit.

64. As a result of Defendant's actions, the Defendant was unjustly enriched from income derived from Plaintiff's hours worked.

65. For these actions Defendants are liable to Plaintiff for the amounts unpaid to her plus interest, and any other damages so proven at trial.

### COUNT VII
### Promissory Estoppel
*As to Defendants Saint Vincent Hospital and Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions*

66. Plaintiff restates the foregoing paragraphs and incorporates them herein.

67. In the alternative, Defendant is liable to Plaintiff under the theory of Promissory Estoppel, for agreeing to pay the Plaintiff certain wages only to retain them for their own benefit, and routinely representing to Plaintiff that the errors would be remedied, while not doing so.

68. As a result of these actions by Defendant, Plaintiff has suffered economic and consequential damages, and other damages so proven at trial.

### COUNT VIII
### Quantum Meruit
*As to Defendants Saint Vincent Hospital and Tenet Healthcare Corporation/United Surgical Partners International/Conifer Health Solutions*

69. Plaintiff restates the foregoing paragraphs and incorporates them herein.

70. As a result of Defendants' actions in failing to remunerate Plaintiff for her hours worked, she is entitled to the value of her work in quantum meruit.

71. The Defendant is liable for Plaintiff's actual, economic, and consequential damages as a result of their actions, and other damages so proven at trial.

### COUNT IX
### Breach of the Duty of Fair Representation, in violation of G.L. c. 150A s. 4A(1)(a) and (4)
*As to Defendant Teamsters Union Local 170*

72. Plaintiff restates the foregoing paragraphs and incorporates them herein.

73. Defendant Union has breached its duty to represent Plaintiff fairly, in good faith, and without discrimination when it failed to file the grievance on her behalf and required her to sign a special contract in order to receive income owed to her under the Agreement.

74. Defendant's actions have caused Plaintiff significant economic harm, attorneys' fees and costs and other damages so proven at trial.

75. As a result of these actions, Defendant is liable for Plaintiff's actual, economic, and consequential damages as a result of their actions, and other damages so proven at trial.

### COUNT X
### Request for Declaratory Judgment pursuant to M.G.L. c. 231 § 1

76. Plaintiff restates the foregoing paragraphs and incorporates them herein.

77. Plaintiff requests a Declaratory Judgment holding that she is currently entitled to her back pay of $11,097.51 as of October 24, 2023 and any amounts that have accrued since that date, plus interest.

WHEREFORE, the Plaintiff requests that the Court:

1. Award the full amount of her damages incurred as a result of Defendant's actions, including without limit, lost back pay, punitive damages, treble damages, compensatory damages, reasonable attorneys' fees and costs incurred or any other damage the court deems fit; and

2. Award the Plaintiff Declaratory Judgment that she is entitled currently to back pay of $11,097.51 as of October 24, 2023 and accruing, plus interest on those amounts.

3. Award Plaintiff an execution on payment of those amounts forthwith.

4. Award Plaintiff such other and further relief as the Court deems appropriate.

**PLAINTIFF CLAIMS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE**

Plaintiff, Karen Ljungberg,
By her Attorney,

/s/Janet R. Ruggiero

Janet R. Ruggieri, BBO No. 634431
Murphy & Rudolf, LLP
446 Main Street, Ste 1503
Worcester MA 01608
T: 508 425 6330
F: 508 536 0834
E: ruggieri@murphyrudolf.com

Dated: January 6, 2023